**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-41223**
_____

**United States of America,**

**Plaintiff-Appellee,**

**v.**

**John W. Chung**

**Defendant-Appellant,**

_____

**Appeal from the United States District Court for the**
**Eastern District of Texas**
_____

August 10, 2001

Before DAVIS and JONES, Circuit Judges, and PRADO,[*] District Judge.

EDITH H. JONES, Circuit Judge:

Appellant Dr. John Chung challenges his sentence following his conviction for concealing bankruptcy assets and making false statements to federal agents. We affirm his sentence.

**FACTUAL AND PROCEDURAL HISTORY**

After plea negotiations between the government and Chung collapsed, a grand jury indicted Chung in February 2000 on charges related to his concealment of personal assets from bankruptcy

_____

[*] District Judge of the Western District of Texas, sitting by designation.

creditors.  A few days before his June 2000 trial date, Chung signed a plea agreement with the government.  As part of this agreement, Chung pled guilty to concealing bankruptcy assets under 18 U.S.C. § 152(1) and making false statements to federal agents under 18 U.S.C. § 1001.  At that time, Chung also disclosed new concealed property to the government.

Chung's plea agreement contained the following provision:

> 6.  FINANCIAL STATEMENT: The defendant agrees to truthfully complete a financial statement form . . . and provide such completed form to the United States Attorney NO LATER THAN TWO WEEKS PRIOR TO SENTENCING.  This form shall be used for determination and collection of any fine or restitution to be ordered by the Court. . . . The parties agree that the defendant's failure to timely and accurately complete this form . . . shall constitute the defendant's failure to accept responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines.

A probation officer issued Chung's presentence report (PSR) in July 2000.  The PSR estimated the value of Chung's concealed assets for sentencing purposes.  It also recommended an obstruction of justice enhancement because Chung made false statements to the government in 1999 to conceal an asset.

Chung filed timely objections to this report on August 4.  He objected, inter alia, that the PSR overvalued the concealed assets because he only partly owned a hotel in Scotland that was community property.  Chung also asserted that he was entitled to an acceptance of responsibility adjustment.  He attached a letter admitting his guilt and accepting responsibility for his actions.

Chung's sentencing hearing was on October 10. That morning, Chung submitted the financial statement that was due under his plea agreement two weeks before. Chung's attorney explained this failure only by stating, "[Chung] travels or moves every 30 days. . . . it's a logistical issue as opposed to an unwillingness issue on some things."

Chung also filed supplemental objections to the PSR on the day of the hearing. He did not provide an explanation for the late submission of these objections. Included in these objections was a claim that three homes in the United States were community property. Chung did not present evidence of this. He further objected that the PSR overvalued the hotel because the hotel was subject to a mortgage. As evidence, Chung presented a July 2000 letter from a bank reflecting the value of the mortgage and indicating that mortgage payments on the hotel were late.

The district judge refused to consider the supplemental objections:

> I'm fairly tolerant about this sort of thing, but in view of the long period of time that the Defendant has had the [PSR] and the fact that it just places the Government at a disadvantage of dealing with all of these different objections. And I just feel like I should not consider them.

The judge rejected Chung's request for an acceptance of responsibility adjustment because of Chung's failure to file the financial statement on time. Chung was sentenced to forty-one

3

months imprisonment and restitution sufficient to pay his bankruptcy creditors.  He appeals.


## DISCUSSION

Chung first argues that his supplemental objections were timely because they were "just a continuation" of his original objections.  We disagree.  The supplemental objections were obviously distinct from Chung's original objections.

Chung further asserts that Fed. R. Crim. P. 32(c)(1) requires the district court to make a finding on even untimely objections to a PSR.  We review applications of Rule 32(c)(1) de novo.  <u>United States v. Medina</u>, 161 F.3d 867, 874 (5th Cir.1998).

Rule 32 contains the following provisions:

(b) Presentence Investigation and Report.

(6) Disclosure and Objections.

(B) Within 14 days after receiving the presentence report, the parties shall communicate in writing to the probation officer, and to each other, any objections to . . . the presentence report. . . .

(D) . . . For good cause shown, the court may allow a new objection to be raised at any time before imposing sentence.

(c) Sentence.

(1) Sentencing Hearing.  At the sentencing hearing, the court must afford counsel for the defendant and for the Government an opportunity to comment on the probation officer's determinations and on other matters relating to the appropriate sentence, and must rule on any unresolved

objections to the presentence report.  The court may, in its discretion, permit the parties to introduce testimony or other evidence on the objections.  For each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing. . . .

Read alone, Rule 32(c)(1) might suggest that the district court had to rule on Chung's new objections at the sentencing hearing.  Read in context with the provisions in Rule 32(b), however, it is apparent that the district court had no such obligation.  Rule 32(b)(6)(B)'s deadline and Rule 32(b)(6)(D)'s grant of discretion would be meaningless if the district court were obliged to entertain new objections at the sentencing hearing.  Thus, Rule 32(c)(1) only requires the district court to make findings on timely objections and on objections that it considers in its discretion.

The other circuits that have considered this issue concur.  United States v. Hardwell, 80 F.3d 1471, 1500 (10th Cir.1996) (affirming where the district court refused to resolve new PSR objections at sentencing); United States v. Jones, 70 F.3d 1009, 1010 (8th Cir. 1995) (same); see also United States v. Young, 140 F.3d 453, 457 (2nd Cir.1998) (observing in dicta that a district court can reject untimely PSR objections).

Furthermore, Chung failed to show good cause to justify even discretionary consideration of his supplemental objections.

5

Based on the text of Rule 32 and the decisions of other circuits, the district court was free to disregard Chung's supplemental objections.

Chung next asserts the merits of two of his untimely objections. He argues that the estimated value of the hotel was too high because of the claimed mortgage. He further argues that the estimated value of the houses in the United States was too high because these properties were community assets. These are factual findings that we normally review for clear error. United States v. Wimbish, 980 F.2d 312, 313 (5th Cir.1992). Here, however, because the district court validly exercised its discretion to ignore the objections, Chung is essentially raising these objections for the first time on appeal. The only review is for plain error. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir.1994) (en banc) (reviewing factual sentencing challenges raised for the first time on appeal for plain error). But Chung cannot show plain error arising from the district court's calculations of the amount of loss. In this circuit, "questions of fact capable of resolution by the district court can never constitute plain error." United States v. McCaskey, 9 F.3d 368, 376 (5th Cir.1993); see also United States v. Vital, 68 F.3d 114, 119 (5th Cir.1995).

Chung finally argues that he was entitled to a two-level adjustment for acceptance of responsibility. We extend great

6

deference to the district court's factual finding on this issue. "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S. Sentencing Guidelines Manual § 3E1.1 comment 5.

Chung was entitled to a two-point reduction if he "clearly demonstrate[d] acceptance of responsibility for his offense." Id. at § 3E1.1(a). His guilty plea, while significant, did not entitle him to the adjustment as a matter of right. Id. at § 3E1.1 comment 3.

An obstruction of justice enhancement "ordinarily indicates that the defendant has not accepted responsibility for his conduct. There may, however, be extraordinary cases in which [both adjustments] may apply." Id. at § 3E1.1 comment 4; United States v. Shipley, 963 F.2d 56, 58 (5th Cir.1992).

Chung argues that this is just such an extraordinary case. He notes that he did not obstruct justice after his guilty plea, and that he voluntarily disclosed a concealed property that the government was unaware of. He further argues that his failure to submit the financial statement alone should not have prevented him from receiving the adjustment.

Chung cites <u>United States v. Hopper</u>, 27 F.3d 378 (9th Cir.1994) to support his argument. In <u>Hopper</u>, a defendant destroyed evidence and attempted to buy false alibis. The defendant subsequently pled guilty and disclosed information about his crime. The Ninth Circuit upheld an acceptance of responsibility adjustment for the defendant despite his obstruction of justice adjustment. It held that an extraordinary case exists as long as the defendant "eventually" accepts responsibility for the crime and stops obstructing justice. <u>Id.</u> at 383. The court noted that the defendant's obstruction of justice was not methodical and continued, and it held that the district court did not clearly err by applying both adjustments. <u>Id.</u> at 384.

At least two circuits have found <u>Hopper</u> inconsistent with the Sentencing Guidelines. <u>United States v. Honken</u>, 184 F.3d 961, 967-973 (8th Cir.1999); <u>United States v. Buckley</u>, 192 F.3d 708, 710 (7th Cir.1999). They criticize the stated principle of <u>Hopper</u> that makes "extraordinary" virtually all cases in which defendants stop obstructing justice and abide by a guilty plea. <u>Honken</u>, 184 F.3d at 970. "The fact that a defendant, having done everything he could to obstruct justice, runs out of tricks, throws in the towel, and pleads guilty does not make him a prime candidate for rehabilitation." <u>Buckley</u>, 192 F.3d at 711. These cases advocate

8

a broader view of the circumstances to determine whether a case is extraordinary. Id.; Honken, 184 F.3d at 968.

We agree with these circuits, and this case is a fine example of Hopper's limitations. Chung concealed over $ 640,000 in assets from his bankruptcy creditors, and even made false statements to the government in 1999 to hide the assets. Chung signed a plea agreement with the government in November 1999 but then refused to plead guilty. This forced the government to seek the instant indictment. Chung continued to conceal assets until his guilty plea just a few days before his trial. His late plea forced the government to waste resources preparing for trial. Under these circumstances, Chung's "voluntary" disclosure of another concealed property at that time and his apologetic letter to the court hardly demonstrate an acceptance of responsibility.

Nor would we have any difficulty distinguishing Hopper in any case. Even after his guilty plea, Chung failed to provide his financial statement to the government until the morning of his sentencing hearing. The plea agreement explicitly stated that by doing so, Chung forfeited any right to the adjustment. Furthermore, Chung utterly failed to provide a satisfactory explanation for his late statement. The district court could easily have interpreted Chung's delay, along with his last minute supplemental objections, as part of a continued and methodical

9

effort to obstruct justice. Thus, reviewing deferentially for clear error, we have no difficulty affirming the district court's ruling on this issue.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** Chung's sentence.