**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 27 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

J. GERALD MCELROY,

Defendant-Appellant.

Nos. 99-5154, 00-5036, 00-5116
(D.C. Nos. 89-CR-36-C, 99-CR-148E)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Circuit Judge, **BALDOCK** and **BRORBY,** Senior Circuit Judges.

These consolidated appeals arise from criminal proceedings brought against Joseph Gerald McElroy in 1989, in which he was convicted on twenty-six counts alleging conspiracy, wire fraud, and misapplication of bank funds. In subsequent years, Mr. McElroy was released from prison, reincarcerated for probation violations, and released again. He now appeals his reincarceration for additional

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

probation violations, as well as his new sentence for failing to voluntarily surrender in violation of 18 U.S.C. § 3146(a)(2). We reverse and remand with respect to Mr. McElroy's probation violation, and we affirm his sentence for failure to appear.

On February 1, 1990, Mr. McElroy was sentenced to four years in prison on Count One of the 1989 fraud charge. His sentences on the remaining counts were suspended and he was placed on probation on those counts for a term of five years, to begin upon the expiration of the sentence imposed on Count One. In 1996, his probation was revoked just on Count Two and he was sentenced to three years in prison on that count. The district court ordered that the remaining counts were to become inactive under 18 U.S.C. § 3564(b) while Mr. McElroy served his sentence on Count Two, and were to recommence upon his release from custody, with credit for time served.

In 1999, Mr. McElroy's probation on the remaining counts was revoked and he was sentenced to five-year concurrent terms on those counts. The district court authorized him to voluntarily surrender on August 30 at the designated prison facility. Mr. McElroy did not appear on that date and was subsequently charged with and convicted of failing to appear. He was given a sentence of twelve months and one day, required by statute to be imposed consecutively to any other sentence.

In No. 99-5154, Mr. McElroy contends the district court did not have jurisdiction to revoke his probation in 1999 because he had already completed his probationary period by that time. Under 18 U.S.C. § 3565(c), the power of the court to revoke a sentence of probation and impose another sentence extends beyond the term of probation only if a warrant or summons has been issued prior to the expiration of the probation period. Mr. McElroy argues that his period of probation had expired prior to both the issuance of summons and the revocation order, and that the court was therefore without power under section 3565(c) to revoke his probation and impose another sentence.

In so doing, Mr. McElroy relies on 18 U.S.C. § 3564(b), which provides that "[a] term of probation runs concurrently with any Federal, State, or local term of probation, supervised release, or parole for another offense to which the defendant is subject or becomes subject during the term of probation." Mr. McElroy points to material in the record submitted by the government with respect to his 1996 revocation proceeding which indicates that on October 18, 1992, he was released from federal custody on Count One and began his probation on the remaining counts. Rec., vol. I, doc. 219 at 1. Indeed, both the 1996 petition seeking revocation of probation and the attached letter from Mr. McElroy's probation supervisor state that he was released and began probation on October 18, 1992. Nonetheless, the 1996 order revoking probation on Count Two inexplicably states

-3-

that Mr. McElroy did not begin service of his probation on Counts Two through Twenty-six until August 5, 1993, some ten months later. The probation petition filed in 1999 likewise simply states that he began serving his probation terms on August 5, 1993. Mr. McElroy argues that these ten months would make the difference in calculating whether he had completed his probation on Counts Three through Twenty-six before May 12, 1999, the date on which the petition to revoke probation on those counts was filed.[1]

The government points out that Mr. McElroy did not raise this matter in the 1999 revocation hearing and in fact stipulated to the allegations in the revocation petition which he now challenges. However, the government also recognizes that "[c]hallenges to a district court's subject matter jurisdiction may be raised at any time," and that "[s]ubject matter jurisdiction may not be conferred on a federal court by stipulation, estoppel, or waiver." *United States v. Burch*, 169 F.3d 666, 668 (10th Cir. 1999). We believe the record before us raises a fact question as to

---

[1] Our review of the record has revealed several other instances in which the same event was assigned different dates at different times by various government officials. For example, the 1999 probation petition states that probation on Counts Three through Twenty-six was tolled until **February 20, 1997**, while the presentence report states that this probation was tolled until **February 20, 1998**, and the parties agreed at the 1999 revocation hearing that the date should have been October 20, although no year was specified. Similarly, the 1999 probation petition states that Mr. McElroy's supervision would expire September 1, 1999, while the presentence report states that it would expire on December 30, 1999. We are unclear whether these discrepancies might also be relevant to whether the term of probation had expired prior to the revocation order.

-4-

whether Mr. McElroy's probation on Counts Three through Twenty-six had expired prior to the revocation of his probation on those counts. We also conclude that, under *Burch*, Mr. McElroy did not waive his challenge to the court's jurisdiction by failing to raise the matter earlier or by stipulating to the allegations in the revocation petition. Accordingly, we grant the government's request to remand the matter to the district court for further factual development.[2]

In Nos. 00-5036, 00-5116, Mr. McElroy challenges his sentence for failing to appear.[3] He contends the district court erred in refusing to consider his belated objections to the presentence investigation report.

After Mr. McElroy was convicted of failing to appear, the trial judge set his sentencing for March 29, 2000. At the request of the probation office, sentencing

---

[2] Mr. McElroy also argues that his counsel was ineffective in the 1999 revocation proceeding by failing to inquire into whether the probationary period had been completed, and instead advising Mr. McElroy to stipulate to the allegations in the revocation petition. Ineffective assistance claims brought on direct appeal are presumptively dismissible because they require the development of a factual record. *See United States v. Gell-Iren*, 146 F.3d 827, 831 (10th Cir. 1998). That is particularly true when, as here, the facts of the underlying claim are themselves undeveloped. We therefore dismiss without prejudice Mr. McElroy's claim in Appeal No. 99-5154 that his counsel was ineffective with respect to ascertaining whether his period of probation had expired and in advising him to stipulate to the allegations in the petition.

[3] He also challenges his conviction for failing to appear, arguing that his counsel was ineffective in failing to present evidence to the jury or request a jury instruction on his assertion that his probation period had expired prior to the revocation of his parole. As with Mr. McElroy's ineffectiveness claim in the revocation proceeding, we dismiss the claim without prejudice as premature.

was reset for May 9. On that date, at Mr. McElroy's request, the judge gave him twenty additional days to develop evidence with respect to his objections to the presentence report and set his sentencing for June 6. Although Mr. McElroy's objections to the report were due on May 30, he did not submit them until June 6 about twenty minutes before the sentencing proceeding. The minute sheet reflects that the court struck the objections as untimely, noting also that the court had reviewed them and found them to have "no real merit." Aplt. App. at 145.

Mr. McElroy contends the tardiness of his objections should not have been fatal, pointing out that under the applicable rule "[f]or good cause shown, the court may allow a new objection to be raised at any time before imposing sentence." Fed. R. Crim. P. 32(6)(D). He claims the court's failure to address his untimely objections left open the possibility that he was sentenced on the basis of misinformation in violation of his right to due process.

Under Rule 32(6)(D), a sentencing court has discretion to consider objections not raised in a timely manner when good cause is shown. *See United States v. Jones*, 70 F.3d 1009, 1010 (8th Cir. 1995) (per curiam). *See also United States v. Chung*, 261 F.3d 536, 539 (5th Cir. 2001) (citing cases). Because Mr. McElroy has failed to provide us with the transcript to the sentencing proceeding, we are unable to determine whether he provided good cause for his failure to comply with the court's deadline. We are thus unable to review the court's

-6-

exercise of discretion. We observe, however, that Mr. McElroy has not provided this court any reason for his tardiness. Moreover, despite the sentencing court's decision to strike Mr. McElroy's objections, the court nonetheless considered them and found them to be without merit. We discern no ground for concluding the district court abused its discretion.

In sum, in No. 99-5154, we **VACATE** the order revoking Mr. McElroy's probation and **REMAND** for further proceedings. In Nos. 00-5036, 00-5116, we **AFFIRM** the conviction and sentence. The claims of ineffective assistance of counsel raised in both appeals are **DISMISSED** without prejudice.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge