IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-10722

Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

BARBARA LYNN WILKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
(00-CR-304)
_____

February 4, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Appellant Barbara Lynn Wilks pled guilty to conspiring to fraudulently obtain identification documents to obtain property valued at more than $1,000 in violation of 18 U.S.C. §§ 371 & 1028(a)(7). She was sentenced to 46 months in prison, three years of supervised release, and a $100 special assessment. Appellant appeals her sentence, claiming that the information used by the district court to calculate a total loss of $180,000 in order to

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

justify a seven-level increase in her offense level pursuant to U.S.S.G. § 2F1.1 was unreliable. She also claims that the information used by the district court to support a two-point upward adjustment pursuant to U.S.S.G. § 2F1.1 comment (n.12) was unreliable and that the upward departure constitutes impermissible "double counting."

A district court's loss determination is a factual finding.[1] Appellant did not object at sentencing to the seven-level increase in the offense level, and thus we review only for plain error.[2] Questions of fact capable of resolution by the district court can never constitute plain error.[3] Appellant also argues that the district court violated the Equal Protection Clause because her sentence is longer than the sentences of codefendants who were more culpable. This argument is without merit.[4]

Appellant also failed to object to the two-point upward departure made pursuant to U.S.S.G. § 2F1.1 comment (n.12), and once again we review only for plain error. To the extent that she argues that the factual findings of the district court do not support the two-point departure, those findings cannot constitute plain error.[5] Appellant also argues that the two-level upward

[1] *United States v. Wimbish*, 980 F.2d 312, 313 (5th Cir. 1992).

[2] *United States v. Chung*, 261 F.3d 536, 539 (5th Cir. 2001).

[3] *Id.*

[4] *United States v. Lemons*, 941 F.2d 309, 320 (5th Cir. 1991).

[5] *Chung*, 261 F.3d at 539.

departure was the result of "double counting." Double-counting is not prohibited unless expressly forbidden by the guideline at issue.[6] There is no error here. AFFIRMED.

---

[6] *United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001).