IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10038
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MONTOYA JORDAN; LEWIS HENRY ANTHONY,

Defendants-Appellants.


--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-117-6-A
--------------------
May 13, 2002

Before REAVLEY, SMITH, and DENNIS, Circuit Judges

PER CURIAM:[*]

Montoya Jordan and Lewis Henry Anthony have appealed their jury convictions of conspiracy to possess and possession of stolen mail, and bank fraud. We AFFIRM.

Appellants' contention that the evidence was insufficient to support their convictions, based principally on the alleged unreliability of the accomplice testimony, is without merit. See United States v. Robles-Pantoja, 887 F.2d 1250, 1254-55 (5th Cir. 1989).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Anthony argues that the district court abused its discretion by admitting into evidence his prior conviction of bank fraud. This evidence was admissible because it was relevant to issues other than Anthony's character; its probative value was not substantially outweighed by its prejudicial effect; and it met the other requirements of FED. R. EVID. 403. See FED. R. EVID. 404(b); United States v. Richards, 204 F.3d 177, 199-201 (5th Cir.), cert. denied, 531 U.S. 826 (2000).

Jordan contends that the district court's admission into evidence of an undercover police officer's testimony entitles him to reversal, although the court struck the testimony because of a discovery violation and instructed the jury to disregard it. Jordan's contention lacks merit because his counsel expressed satisfaction with the district court's limiting instruction; there was no motion for a mistrial; and the court did not commit plain error. See United States v. Norris, 780 F.2d 1207, 1212 (5th Cir. 1986).

The district court did not abuse its discretion by sustaining the Government's objection to a question by Anthony's counsel on cross-examination of a postal inspector, who testified to the chain of custody of forged checks and other items sent to a laboratory for fingerprint analysis. The question, whether Anthony had voluntarily provided a handwriting specimen, clearly exceeded the scope of direct examination; and Anthony has not shown that the district court's ruling resulted in any prejudice to his defense. See FED. R. EVID. 611(b); United States v. Route, 104 F.3d 59, 64 (5th Cir. 1997).

Contrary to Jordan's next contention, there was ample evidence which proved that the offenses were committed in the Northern District of Texas, as alleged in the indictment. See United States v. Carreon-Palacio, 267 F.3d 381, 391-93 (5th Cir. 2001).

Anthony contends that he was denied a fair trial as a result of the district court's erroneous evidentiary rulings, considered both individually and cumulatively. This lacks merit because Anthony has not shown that any such errors were made by the district court. See United States v. Lindell, 881 F.2d 1313, 1327 (5th Cir. 1989).

Anthony asserts that the district court reversibly erred by ordering him to pay restitution to two financial institutions which lost money as a result of cashing forged checks. It was proper, however, for the court to base its order of restitution on either Anthony's conviction of conspiracy to possess checks stolen from the mail or his conviction of bank fraud. See 18 U.S.C. § 3663A; United States v. Hughey, 147 F.3d 423, 437 (5th Cir. 1998).

Anthony now contends, for the first time, that some of the losses claimed by the banks did not occur within the time periods alleged in the indictment. However, he would not be entitled to relief on this new claim unless he could show plain error. See United States v. Vasquez, 216 F.3d 456, 459 (5th Cir.), cert. denied, 531 U.S. 972 (2000). "Questions of fact capable of resolution . . . at sentencing [such as this] can never constitute plain error." United States v. Lopez, 923 F.2d 47, 50 (5th Cir. 1991); accord United States v. Chung, 261 F.3d 536, 539

(5th Cir. 2001). Thus Anthony is not entitled to any relief relative to the restitution order.

The judgments of conviction of Lewis Henry Anthony and Montoya Jordan are due to be, and they are hereby, AFFIRMED in all respects.

AFFIRMED.