IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41062
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID GEORGE HAIRSTON,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-99-CR-338-1
---------------------
December 10, 2002

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

David George Hairston was convicted by a jury of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). On appeal, he raises challenges to his conviction and sentence.

Hairston first challenges his conviction, arguing that 18 U.S.C. § 922(g) is unconstitutional on its face or, alternatively, is unconstitutional as applied. Hairston

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

acknowledges, however, that his arguments are foreclosed by this court's precedent and they are raised solely to preserve them for possible Supreme Court review.

Hairston's arguments are indeed foreclosed by this court's decisions in United States v. Cavazos, 288 F.3d 706, 712 (5th Cir. 2002), cert. denied, (U.S. Oct. 7, 2002) (No. 02-5348) and United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied, 534 U.S. 1150 (2002). Accordingly, he is not entitled to relief.

Hairston also argues that his conviction should be reversed because the district court abused its discretion when it gave a supplemental jury instruction. Because Hairston did not object to the charge at trial, his claim is subject to plain error review. See United States v. Harris, 104 F.3d 1465, 1471-72 (5th Cir. 1997). Hairston has not shown that the district court plainly erred when, in response to a note from the jury, the court provided the jury with the Fifth Circuit pattern jury instruction on the issue of possession. Id.; see also United States v. Munoz, 150 F.3d 401, 415 (5th Cir. 1998). Accordingly, his conviction is affirmed.

Hairston challenges his sentence on two grounds. Because he did not raise his sentencing objections below, his claims are subject to plain error review. United States v. Rodriguez, 15 F.3d 408, 414 (5th Cir. 1994).

Hairston argues that the district court erred in determining that his prior theft convictions were not "related" for purposes of U.S.S.G. § 4A1.2(a)(2).  Additionally, he argues that his prior theft offenses should not have been included in his criminal history calculation because the theft offenses are similar to an excluded misdemeanor offense listed in U.S.S.G. § 4A1.2(c)(1).  Hairston's arguments are dependent on questions of fact that were capable of resolution by the district court.  Accordingly, he cannot demonstrate plain error.  See United States v. Chung, 261 F.3d 536, 539 (5th Cir. 2001).

AFFIRMED.