United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 21, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10938
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUGH MASTERS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(4:06-CR-3-2)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Hugh Masters appeals the 41-month sentence imposed following his guilty plea conviction for theft of mail matter, in violation of 18 U.S.C. § 1708. The district court applied a ten-level increase to the base offense level because Masters was responsible for more than $120,000 of intended loss. See U.S.S.G. § 2B1.1(b)(1)(F) (2005).

For the first time on appeal, Masters argues that the district court's estimate of the amount of intended loss is not supported by the record. He argues that there is no evidence that he or his co-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aider and abetter, Debra Sheffield, intended their theft of the mail to result in loss equaling the $153,408 worth of checks and money orders contained therein and that there was only evidence that Sheffield cashed $300 worth of money orders. This argument is substantially different from those Masters raised in the district court and, thus, it is reviewed for plain error. United States v. Villegas, 404 F.3d 355, 358 (5th Cir. 2005); FED. R. CRIM. P. 52(b).

For the purpose of § 2B1.1(b)(2), intended loss is "the pecuniary harm that was intended to result from the offense." § 2B1.1, comment. (n.3(A)(ii)). "'Pecuniary harm' means harm that is monetary or that otherwise is readily measurable in money." § 2B1.1, comment. (n.3(A)(iii)). "The court need only make a reasonable estimate of the loss" based on available evidence. § 2B1.1, comment. (n.3(C)).

In determining the amount of intended loss, the district court relied on the USPIS agent's testimony that the opened mail found in Masters's and Sheffield's motel room and in the motel dumpster had contained checks and money orders with the total face value of $153,408. The agent also testified that Sheffield admitted to cashing two money orders worth $300 taken from the stolen mail.

Masters has failed to show that the district court erred in determining that Masters intended losses equaling the face value of the checks and money orders missing from the stolen mail which he and Sheffield had possessed. Moreover, the district court's calculation of the amount of loss is a question of fact and

2

"'questions of fact capable of resolution by the district court can never constitute plain error.'" <u>United States v. Chung</u>, 261 F.3d 536, 539 (5th Cir. 2001) (citation omitted). Accordingly, Masters has not shown that the district court committed error, plain or otherwise, in estimating the amount of loss.

AFFIRMED.