United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-41269
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDERICK STERNBERG,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-2280-1
--------------------

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Frederick Sternberg entered a guilty plea pursuant to a written agreement to a superseding criminal information charging him with misprision of a felony, in violation of 18 U.S.C. § 4. The district court ordered him to serve one month in prison and three months in home confinement as part of a one-year term of supervised release and to pay a $250,000 fine.

Sternberg asserts that the district court reversibly erred (1) by accepting his guilty plea in violation of FED. R. CRIM. P. 11 because the factual basis for his plea did not establish

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his knowledge of a felony and that he took an affirmative step to conceal a felony; (2) by using a tax loss total of approximately $822,748 to calculate his base offense level; and (3) by imposing a disparate term of confinement and fine as compared to that imposed on his more culpable co-defendants.

Although Sternberg concedes that review of the first two issues is for plain error only, he asserts that review of the third issue is for an abuse of discretion. Sternberg, however, did not raise in the district court the specific arguments that he now raises concerning the disparity of his fine, and he did not challenge in the district court, as disparate, his term of confinement. Accordingly, our review is for plain error only. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005); United States v. Villegas, 404 F.3d 355, 358 (5th Cir. 2005). Plain error exists when there is an error that is clear and obvious and that affects the defendant's substantial rights. Villegas, 404 F.3d at 358. If these criteria are met, we may exercise discretion and notice a forfeited error but only if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 358-59 (internal quotation marks and citation omitted).

A review of the record reveals no plain error in the district court's acceptance of Sternberg's plea. See United States v. Vonn, 535 U.S. 55, 58-59 (2002). The record as a whole contains adequate factual support for all of the elements of the

misprision offense. Sternberg has not shown that but for any Rule 11 error concerning the factual basis for the plea, he would not have entered a plea. See United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).

The amount of tax loss attributable to a defendant is a finding of fact. United States v. McCord, 33 F.3d 1434, 1453 (5th Cir. 1994). Questions of fact capable of resolution by the district court do not constitute plain error. United States v. Chung, 261 F.3d 536, 539 (5th Cir. 2001); United States v. Lopez, 923 F.2d 47, 50 (5th Cir. 1991). Further, a review of the plea agreement and Sternberg's admissions during his plea colloquy demonstrate that the error, if any, did not affect Sternberg's substantial rights. See Vonn, 535 U.S. at 58-59; Villegas, 404 F.3d at 358; U.S.S.G. §§ 2T3.1, 2T4.1, 2X4.1; Ch. 5 Pt. A, Sentencing Table.

At sentencing, the district court explicitly recognized the need, to the extent possible, to avoid disparities in sentencing. Sternberg received a term of confinement at the bottom of the advisory guidelines range. Section 3553(a), 18 U.S.C., requires the district court to consider the need to promote respect for the law, to afford adequate deterrence, and to protect the public from further crimes by the defendant. The record demonstrates that the district court considered these factors. Sternberg has not shown error, much less plain error, concerning the disparity in the term of confinement that the district court imposed on him

as compared to his co-defendants.  See Rodriguez, 15 F.3d at 414-15.

When determining the amount of a fine, the district court should consider the burden that the fine places on the defendant and his dependents.  U.S.S.G. § 5E1.2(c)(3).  The Sentencing Commission envisions that most fines will be at least twice the amount of loss resulting from the offense.  § 5E1.2, comment. (n.4).  Sternberg has not shown that the fine imposed affected his substantial rights.  See Vonn, 535 U.S. at 58-59; Villegas, 404 F.3d at 358.

Accordingly, the judgment is AFFIRMED.