**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 4, 2011

Lyle W. Cayce
Clerk

No. 10-51078
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROSHAY LAVOY HOCKER, also known as Roshay L. Hocker,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CR-347-1

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Roshay Lavoy Hocker pleaded guilty to a 27-count indictment that charged him with conspiracy to commit bank fraud, aiding and abetting the making, uttering, or possessing counterfeit checks, aiding and abetting bank fraud, and counterfeiting obligations, instruments, or writings. Hocker was subject to an advisory guidelines sentencing range of 70 to 87 months. The district court sentenced Hocker to 60 months of imprisonment on the conspiracy count, 120 months on each of the counterfeiting counts, and 180

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

months each on the bank fraud counts.  Hocker filed a timely notice of appeal. We review Hocker's sentence for abuse of discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Hocker's offense level was increased by two levels pursuant to U.S.S.G. § 3C1.1 because he had obstructed justice by intimating that he had ties to the Mexican Mafia in an effort to discourage his accomplices from cooperating with law enforcement officers.  Despite his early plea to the indictment against him, Hocker did not receive any downward adjustment pursuant to § 3E1.1 for an acceptance of responsibility.  He maintains that his is an extraordinary case in which both the adjustment for obstruction and an adjustment for acceptance of responsibility should have been applied.

Nothing in the record supports Hocker's contention that the district court mistakenly believed it was precluded from awarding credit for acceptance of responsibility solely because the obstruction-of-justice enhancement was applied. The district court weighed all the facts in favor of and against a finding that Hocker deserved a downward adjustment for acceptance of responsibility. Although, under the facts of this case, the district court could have applied such an adjustment based on Hocker's early plea, its decision not to do so was not without foundation, so we will not disturb it.  *See United States v. Solis*, 299 F.3d 420, 458 (5th Cir. 2002); *United States v. Chung*, 261 F.3d 536, 540 (5th Cir. 2001).

Hocker also contends that the sentence imposed in this case was greater than necessary to achieve the purposes of sentencing set forth at 18 U.S.C. § 3553(a).  He maintains that, since he received every possible enhancement under the Guidelines, an 87-month sentence at the top of the advisory guidelines range would have been sufficient. The district court's sentencing decision in this case was based on findings that Hocker's criminal past, including unscored convictions and similar adult conduct that did not result in convictions, was seriously underrepresented by his Criminal History Score and that Hocker had

a very high likelihood of recidivism. These were proper bases for an upward departure. *See* § 4A1.3(a), p.s. The district court specifically found that the sentence it chose advanced the objectives of § 3553(a)(2), such as the need for the sentence to promote respect for the law, afford adequate deterrence, and protect the public from further crimes by Hocker. Accordingly, Hocker has not shown that the district court's decision to vary upward constituted an abuse of discretion. *See Zuniga-Peralta*, 442 F.3d at 347-48. Neither has he shown an abuse of discretion with regard to the extent of the variance, as the degree of departure is well below that of other variances we have upheld. *See United States v. Brantley*, 537 F.3d 347, 349-50 (5th Cir. 2008) (upholding an upward departure or variance to 180 months from an advisory maximum of 51 months); *United States v. Jones*, 444 F.3d 430, 433, 442-43 (5th Cir. 2006) (upholding a departure to 120 months, more than double the top of the guidelines range of 46 to 57 months); *United States v. Zuniga-Peralta*, 442 F.3d 345, 348 (5th Cir. 2006) (affirming a departure to 60 months from a range of 27 to 33 months based on criminal history).

AFFIRMED.