# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 5, 2012

Lyle W. Cayce
Clerk

No. 11-30643
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN E. DELCO, also known as Tattoo Delco,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-57-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

John E. Delco pleaded guilty to conspiracy to distribute less than 50 kilograms of marijuana, three counts of distribution of less than 50 kilograms of marijuana, two counts of distribution of less than 100 grams of heroin, and four counts of being a felon in possession of a firearm. The district court sentenced Delco to 60 months in prison for each of the marijuana offenses, 120 months in prison for the firearm offenses, and 210 months for the heroin offenses, all to be served concurrently. For the first time on appeal, Delco argues

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court plainly erred by enhancing his sentence pursuant to U.S.S.G. § 2K2.1(b)(6) because he did not transfer the firearms with the knowledge, intent or reason to believe that the firearms would be used or possessed in connection with another felony offense and the district court plainly erred by assigning criminal history points to his prior Louisiana conviction for enticing a juvenile to remain away because he was not represented by counsel during those proceedings.

The question of whether Delco had the requisite knowledge, intent, or reason to believe under § 2K2.1(b)(6) and whether Delco was represented by counsel on a prior conviction are questions of fact. Questions of fact capable of resolution by the district court can never constitute plain error. *See United States v. Chung*, 261 F.3d 536, 539 (5th Cir. 2001). Thus, Delco cannot show that the district court plainly erred by enhancing his sentence pursuant to § 2K2.1(b)(6) and assigning criminal history points to his prior Louisiana conviction. *See id.*

Delco also argues that the district court imposed a substantively unreasonable sentence because the district court gave no weight to the assistance he provided to federal agents. However, he has not shown that his sentence did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or represented a clear error of judgment in balancing sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). As a result, he has failed to overcome the presumption of reasonableness that attaches to his within-the-guidelines sentence on appellate review. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). Delco has therefore failed to demonstrate that the district court abused its discretion by imposing a substantively unreasonable sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Accordingly, the judgment of the district court is AFFIRMED. Delco's motion to file part II of his reply brief under seal is GRANTED.