# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 23, 2012

No. 11-41016
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GARY DANIEL BEEMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-467-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Gary Daniel Beeman appeals the 235-month guidelines sentence imposed following his guilty plea conviction for receipt and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). Beeman argues that his sentence is procedurally unreasonable because it was based upon the district court's erroneous finding that he is a pedophile and because the district court failed to explain why a sentence at the bottom of the recommended guidelines range would not satisfy the goals of sentencing. Those unpreserved

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arguments are reviewed for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Beeman also argues that his sentence is substantively unreasonable because it is more than twice his previous 84-month sentence for receiving child pornography, he only has that one prior conviction, he cooperated with the Government, he recognized his need for treatment, and he is subject to a lifetime of supervision. The substantive reasonableness of his sentence is reviewed for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Beeman's final argument that the special condition of release compelling him to submit to treatment that may include penile plethysmograph testing is overbroad and constitutes an unnecessary deprivation of his liberty interests is not ripe for review. *See United States v. Carmichael*, 343 F.3d 756, 761-62 (5th Cir. 2003).

Because Beeman did not object to the district court's finding that his history and characteristics were consistent with that of a pedophile, he cannot demonstrate plain error with respect to that factual finding. *United States v. Chung*, 261 F.3d 536, 539 (5th Cir. 2001). Moreover, "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 346 (2007). Beeman has not shown any plain error with respect to his argument that the district court erred in failing to explain why a sentence at the bottom of the recommended guidelines was not appropriate. *See id.* at 356.

Because Beeman's sentence fell within the applicable guidelines range, it is "presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also Rita,* 551 U.S. at 347. Beeman's disagreement with the district court's balancing of the 18 U.S.C. § 3553(a) factors is insufficient to establish error on the district court's part. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). As Beeman has not demonstrated that his sentence is procedurally or substantively unreasonable, the judgment of the district court is AFFIRMED.