**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 31, 2012

Lyle W. Cayce
Clerk

No. 11-40644
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODRIGO RAFAEL DAVILA, also known as Rigoberto Davila,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:09-CR-346-8

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rodrigo Rafael Davila appeals the 135-month sentence imposed following his guilty plea to possessing with the intent to distribute 89 kilograms of cocaine. He argues that the district court erred in refusing to grant him a minor role adjustment.

Davila contends, for the first time on appeal, that the district court erroneously denied his request for a minor role adjustment because the court improperly found that he had participated in loading three shipments of cocaine,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rather than two.  He asserts that the court's finding that he participated in the third load was erroneous because it is irreconcilable with the district court's determination that he did not recruit the driver of the third load.  He argues that "[b]eing twice involved as only a loader puts [him] squarely on the periphery of this organization."  But although Davila argued in the district court that he had been wrongly identified as the person who had solicited the driver for the third load, he failed to argue that he did not otherwise participate in that load.  Thus, we review his claim that the court erred by declining to grant a minor role adjustment based on his participation in the third load for plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Whether Davila participated in the third load was a question of fact capable of resolution by the district court; accordingly, the court's factual finding that he did participate in that load cannot constitute plain error.  *See United States v. Chung*, 261 F.3d 536, 539 (5th Cir. 2001) ("Questions of fact capable of resolution by the district court can never constitute plain error."); *see also United States v. Fierro*, 38 F.3d 761, 774 (5th Cir. 1994) (refusing to consider the defendant's fact based challenge to the district court's denial of minor role reduction).

On appeal, Davila does not adequately advance any alternative argument that his sentence was erroneous even if the district court properly determined that he had participated in the third load.  Accordingly, the judgment of the district court is AFFIRMED.