# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10281
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 19, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEJANDRO ARAGON CENICEROS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-96-39

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Alejandro Aragon Ceniceros (Aragon) appeals his jury trial conviction of conspiracy to possess with intent to distribute five kilograms or more of cocaine and possession with intent to distribute 500 grams or more of cocaine. Aragon contends that the district court violated his due process rights by prohibiting him from presenting testimony from a defense witness, Jose Flores. He asserts that the government substantially

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10281

interfered with Flores's decision whether to testify by threatening that he would be indicted for additional crimes and that his plea agreement would be invalidated if he testified for the defense.

The existence of substantial governmental interference with a defense witness's free and unhampered choice to testify is a factual question that we typically review for clear error. *United States v. Thompson*, 130 F.3d 676, 686-87 (5th Cir. 1997). As Aragon did not raise a claim of substantial interference in the district court, however, our review is for plain error only. *See Puckett v. United States*, 556 U.S. 129, 134 (2009); *United States v. Binker*, 795 F.2d 1218, 1228 (5th Cir. 1986). And, he cannot succeed on plain error review because his claim of substantial interference could have been resolved if he had properly raised it in the district court. *See United States v. Chung*, 261 F.3d 536, 539 (5th Cir. 2001).

In any event, Aragon cannot demonstrate error, plain or otherwise, with regard to his claim of substantial interference. *See Puckett*, 556 U.S. at 134; *United States v. Viera*, 839 F.2d 1113, 1115 (5th Cir. 1998) (en banc); *Thompson*, 130 F.3d at 686-87. He has failed to show that the government substantially interfered with Flores's free decision to testify or that his defense was prejudiced by any such interference. *See Viera*, 839 F.2d at 1115. The record does not reflect that the government made any threats, express or implied, directed at Flores or related to him. There is no indication that the government's discussion with Flores's counsel or its arguments to the district court about the likely consequences of Flores's testimony were improper. *See id.*; *Thompson*, 130 F.3d at 687. Furthermore, the record reflects that Flores's decision not to testify was an informed choice based on his concerns about self-incrimination and future prosecution and was not the result of impermissible interference by the government. *See United States v. Girod*, 646 F.3d 304, 312

2

No. 13-10281

(5th Cir. 2011); *United States v. Bieganowski*, 313 F.3d 264, 291 (5th Cir. 2002). Neither has Aragon shown that Flores's testimony would have been material or exculpatory. *See Viera*, 839 F.2d 1115; *Puckett*, 556 U.S. at 135.

AFFIRMED.