# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11047
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL ANGEL RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-82-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Miguel Angel Rodriguez appeals the 87-month term of imprisonment imposed following his guilty plea conviction of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Rodriguez argues that the district court committed clear error by relying, inter alia, upon information provided by a confidential source (CS) in the Presentence Report (PSR) to determine drug quantity. He contends that the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

information was not sufficiently reliable and was not corroborated by additional evidence.

"[T]o preserve an issue for review on appeal, the defendant's objection must fully apprise the trial judge of the grounds for the objection so that evidence can be taken and received on this issue." *United States v. Musa*, 45 F.3d 922, 924 n.5 (5th Cir. 1991). The Government is correct that Rodriguez did not raise his drug quantity challenge in the district court. Plain error review therefore governs this issue. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To establish reversible plain error, an appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

However, while plain error review typically applies to unpreserved issues, in this circuit "[q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *United States v. Chung*, 261 F.3d 536, 539 (5th Cir. 2001) (internal quotation marks and citation omitted). Accordingly, Rodriguez cannot establish plain error with respect to his argument that the information provided by the CS in the PSR was unreliable. Moreover, facts in a PSR may be adopted without further inquiry if they "have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable." *United States v. Cabrera*, 288 F.3d 163, 173-74 (5th Cir. 2002).

In Rodriguez's case, the PSR was prepared, in part, from investigative files of the DEA, and the agent who provided the information was interviewed by the probation office. Consistent with the CS's assertion that he had engaged

in prior drug transactions with Rodriguez, the PSR indicates that the CS contacted Rodriguez and secured a quantity of cocaine under the surveillance of investigating officials.  That the CS was able to obtain cocaine from Rodriguez upon the request of law enforcement officials supports the CS's assertion that Rodriguez had, in the past, been a supplier of cocaine to him. Moreover, as Rodriguez offered no evidence to rebut the facts in the PSR, the district court was entitled to rely upon information set forth therein.  *See id.*; *United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995).  Rodriguez has therefore failed to establish that the district court committed error that is clear or obvious in its adoption of the drug quantity calculation in the PSR.  *See Puckett*, 556 U.S. at 135.

The judgment of the district court is AFFIRMED.