# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-41672
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO ORTIZ, III,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-747-1

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

Antonio Ortiz, III, appeals his conviction, following a jury trial, for being a felon in possession of a firearm. In his first ground for relief, he contends that the district court should have suppressed evidence seized from his girlfriend's apartment at the time of his arrest. Although Ortiz submitted a pretrial motion for suppression of the evidence, he did not challenge the validity of the arrest warrant until his supplemental motion for a new trial.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41672

The "failure to raise *specific issues or arguments* in pre-trial suppression proceedings operates as a waiver of those issues or arguments for appeal." *United States v. Scroggins*, 599 F.3d 433, 448 (5th Cir. 2010) (internal quotation marks and citation omitted); FED. R. CRIM. P. 12(b)(3)(C).  Although Ortiz has waived this claim, we review for plain error.  *Scroggins*, 599 F.3d at 448.  The question whether Ortiz's arrest warrant was supported by a sworn complaint establishing probable cause is a factual question that the district court could have resolved if Ortiz had properly presented the claim; thus, he is unable to show plain error.  *See United States v. Chung*, 261 F.3d 536, 539 (5th Cir. 2001).

In addition, Ortiz contends that the evidence was insufficient to support his conviction because the Government failed to prove that he constructively possessed the firearm.  The presence of his clothing and personal items in the bedroom where the firearm was found provides support for the conclusion that Ortiz was living at his girlfriend's apartment rather than merely visiting.  *See United States v. Ybarra*, 70 F.3d 362, 366 (5th Cir. 1995); *United States v. Onick*, 889 F.2d 1425, 1430 (5th Cir. 1989).  In addition, the firearm was in plain view, supporting a plausible inference that Ortiz had knowledge of and access to it.  *See United States v. Meza*, 701 F.3d 411, 419, 421 (5th Cir. 2012).  Although there was some testimony indicating that Ortiz's girlfriend also exercised control over the firearm, possession may be joint with others.  *See United States v. McKnight*, 953 F.2d 898, 901 (5th Cir. 1992).

Finally, Ortiz challenges the district court's denial of his post-trial motion for a judgment of acquittal or, alternatively, for a new trial.  Ortiz argued in his original motion that the evidence was insufficient to support his conviction because the Government failed to prove his possession of the firearm.  In a supplemental motion, he raised his untimely challenge to the

validity of the arrest warrant.  For the reasons set forth above, Ortiz has not shown that the district court abused its discretion by denying his original and supplemental motions.  *See United States v. Franklin*, 561 F.3d 398, 405 (5th Cir. 2009).  Accordingly, the judgment of the district court is AFFIRMED.