# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30007
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 19, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ASHLEY OWENS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:16-CR-244-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Ashley Owens appeals her sentence for conspiracy to commit mail fraud. Owens contends that the district court erred in accepting the loss calculation set forth in the presentence report for purposes of an enhancement under U.S.S.G. § 2B1.1(b)(1)(I). She argues that, after receiving an updated restitution calculation from the probation officer, the district court should have adjusted the guideline loss calculation. She

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30007

complains that she did not receive additional information about the loss calculation until shortly before the sentencing hearing.

Owens did not object in the district court, so our review is limited to plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To establish plain error, Owens must show a forfeited error that is clear or obvious and that affects her substantial rights. *See id.* If she makes such a showing, this court has the discretion to correct the error, but only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The amount of loss attributable to a defendant at sentencing is a finding of fact. *United States v. Simpson*, 741 F.3d 539, 556 (5th Cir. 2014). This court has held that "questions of fact capable of resolution by the district court can never constitute plain error." *United States v. Chung*, 261 F.3d 536, 539 (5th Cir. 2001) (internal quotation marks and citations omitted). Owens has thus failed to show that the district court plainly erred by adopting the presentence report's factual findings regarding the loss amount. *See Puckett*, 556 U.S. at 135; *Chung*, 261 F.3d at 539.

Owens has also failed to show clear error in the district court's failure to amend the guideline loss calculation to match the restitution calculation. *See Puckett*, 556 U.S. at 135; *United States v. Bazemore*, 839 F.3d 379, 388 (5th Cir. 2016); *United States v. Sharma*, 703 F.3d 318, 322 (5th Cir. 2012). Neither has Owens shown reversible plain error related to the disclosure, shortly before sentencing, of information regarding the amount of actual losses for purposes of restitution. *See Puckett*, 556 U.S. at 135.

AFFIRMED.