# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2020

Lyle W. Cayce
Clerk

No. 20-10210
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

VICTOR MONDRAGON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CR-136-3

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

Victor Mondragon appeals his concurrent, within-guidelines sentences of 97 months of imprisonment imposed following his guilty plea convictions of one count of aiding and abetting and possession with intent to distribute marijuana and one count of conspiracy to distribute and possession

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10210

with intent to distribute marijuana. His total offense level included an upward adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, because he failed to appear for sentencing in 2001. He argues that the district court erred by declining to grant him a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, contending that his case is of the extraordinary kind where both the §§ 3C1.1 and 3E1.1 adjustment may apply.

This court will "affirm the denial of a reduction for acceptance of responsibility unless it is without foundation, a standard of review more deferential than the clearly erroneous standard." *United States v. Lord*, 915 F.3d 1009, 1017, *cert. denied*, 140 S.Ct. 320 (2019) (internal quotation marks and citation omitted). Conduct resulting in an enhancement for obstruction of justice, pursuant to § 3C1.1, "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." § 3E1.1, comment. (n.4). Yet, there may be extraordinary cases in which both adjustments apply. § 3E1.1, comment. (n.4); *United States v. Chung*, 261 F.3d 536, 540 (5th Cir. 2001).

Mondragon initially minimized his involvement in the offense of conviction and failed to appear for sentencing in 2001, remaining at large for 18 years. His acceptance of responsibility following his rearrest does not overcome the obstruction enhancement for absconding. *See United States v. Ayala*, 47 F.3d 688, 691 (5th Cir. 1995). Although he asserts his failure to appear was based on good reasons and not on lack of acceptance, given the facts surrounding his abscondence, the district court's conclusion that extraordinary circumstances did not justify the award of a reduction acceptance of responsibility is not without foundation.

The judgment of the district court is AFFIRMED.