United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 17, 2004**

Charles R. Fulbruge III
Clerk

**United States Court of Appeals
for the Fifth Circuit**

———————————————————————

No. 03-40074

———————————————————————

UNITED STATES OF AMERICA,

Plaintiff–Appellee

VERSUS

EMILIO RIOS-CRUZ,

Defendant–Appellant.

———————————————————————

Appeal from the United States District Court
For the Southern District of Texas

———————————————————————

Before DAVIS, BENAVIDES and PRADO, Circuit Judges.

PER CURIAM:

Defendant Emilio Rios-Cruz ("Rios-Cruz") challenges his felony illegal reentry conviction under 8 U.S.C. § 1325(a) on the ground that his plea in the predicate misdemeanor offense of illegal entry is invalid. We conclude that Rios-Cruz was not entitled to counsel to enter a valid plea on the misdemeanor charge and the conviction on that offense is valid.

I.

Rios-Cruz was charged with felony illegal entry based upon a predicate misdemeanor illegal entry conviction he received on February 1, 2002. A first illegal entry conviction carries a maximum sentence of six months; each subsequent illegal entry conviction carries a maximum sentence of eighteen months. See 8 U.S.C. § 1325(a). Rios-Cruz's prior conviction was the result of an uncounseled plea,[*] for which he was sentenced to three years probation without an accompanying suspended sentence.

Upon his second illegal entry on February 5, 2002, Rios-Cruz was arrested and indicted for felony illegal entry. On April 17, 2002 he pleaded guilty to the indictment and admitted that he had received a prior illegal entry conviction. After the guilty plea, defense counsel moved to strike the prior conviction because it was obtained without the assistance of counsel and without a valid waiver of the right to counsel. The district court denied that motion finding that the defendant had properly waived his right to counsel.

At sentencing the court revoked Rios-Cruz's probation in the misdemeanor entry case sentencing him to 95 days in prison. The court further sentenced him to 226 days in prison for the felony illegal entry charge. The court ordered that the sentences be served consecutively resulting in a total sentence of 321 days.

---

[*]Rios-Cruz was informed by the magistrate that he had the right to the assistance of counsel, and the defendant gave written consent to proceed without counsel. Neither the oral warning by the magistrate, nor the written waiver form Rios-Cruz signed informed the defendant that he had the right to appointed counsel if he could not afford a private attorney. Rios-Cruz contends that the failure to notify him of the right to an appointed counsel rendered his waiver invalid, and thus his plea was taken in violation of the Sixth Amendment. For the purposes of this appeal we assume that Rios-Cruz did not provide a valid waiver of counsel in the predicate misdemeanor illegal entry case.

On rehearing we now AFFIRM the conviction and sentence.

## II.

Rios-Cruz argues that he was entitled to counsel before entering his guilty plea, and because he did not waive counsel, that plea and the resulting convictions are invalid. The threshold question is whether he was entitled to counsel in connection with that plea.

In *United States v. Perez-Macias*, 335 F.3d 421 (5th Cir. 2003), this Court held that,

> The key to the Supreme Court's jurisprudence addressing the right to counsel in misdemeanor cases is whether the defendant receives a sentence of imprisonment. . . . . Applying that standard to this case, we find the answer clear. A defendant who receives a suspended sentence is given a term of imprisonment, while a defendant who receives a stand-alone sentence of probation is not. Perez-Macias was sentenced to probation, not to prison, and thus his previous uncounseled misdemeanor conviction may be used to enhance his current offense.

*Id.* at 427-28.

Under the above general rule we announced in *Perez-Macias*, Rios-Cruz was not entitled to counsel because the court imposed a stand alone sentence of probation. Rios-Cruz argues that because the court later revoked his probation and imposed a jail sentence, *Perez-Macias* does not control and he was entitled to counsel.

As the Court in *Perez-Macias* recognizes, "[t]he actual imposition of a term of imprisonment upon probation revocation may pose a Sixth Amendment problem. That is, it may be the case that a misdemeanor defendant who was convicted without counsel may not be sentenced to prison upon revocation of probation." *Id.* at 428. We therefore

3

recognize that a court may face a potential problem in imposing a prison sentence upon revocation of probation where the defendant entered his plea without the benefit of counsel. But we read nothing in *Perez-Macias* that suggests that the plea and the conviction based on that guilty plea should be retroactively vacated because the defendant violated the terms of his probation and the court found it necessary to revoke the probation. District courts must be in a position to determine whether a defendant charged with a misdemeanor is entitled to counsel at the time the court takes the guilty plea. It follows that the district court must be entitled to rely on our rule that counsel is not required for a guilty plea on such a charge when the court intends to impose a stand alone probation sentence. Were we to adopt the rule urged on us by Rios-Cruz, district courts would be required to anticipate which defendants are going to violate probation resulting in the imposition of a prison sentence and provide counsel in those cases. This would make no sense. It may well be that the district court erred in imposing a prison sentence following its revocation of Rios-Cruz's probation. We need not decide that today because Rios-Cruz is not challenging that sentence.

Because the court was not required to furnish counsel to Rios-Cruz for his guilty plea on the prior misdemeanor conviction used as a predicate for the instant felony conviction, the district court correctly refused to vacate that conviction.

AFFIRMED.