United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 13, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————

No. 03-40004

————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EULOGIO DOMINGUEZ-GONZALES,

Defendant - Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas, Laredo
No. 5:02cr414
--------------------

Before SMITH, BENAVIDES, and PICKERING Circuit Judges.

PER CURIAM:[*]

Appellant Eulogio Dominguez-Gonzales challenges his felony illegal reentry conviction under 8 U.S.C. § 1325(a) on the ground that his prior misdemeanor conviction for illegal entry was the result of an uncounseled plea and, therefore, was improperly used to enhance the instant felony offense. Appellant's misdemeanor conviction resulted in a stand-alone sentence of probation that did not carry with it a term of imprisonment or a suspended sentence. Accordingly, he was not entitled to counsel when he pleaded guilty to the misdemeanor charge. *See United States v. Perez-Macias*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

335 F.3d 421, 427-28 (5th Cir. 2003).[1] Appellant attempts to distinguish *Perez-Macias* because the court later revoked his probation and imposed a jail sentence. Nothing in *Perez-Macias*, however, "suggests that the plea and the conviction based on that guilty plea should be retroactively vacated because the defendant violated the terms of his probation and the court found it necessary to revoke the probation." *United States v. Rios-Cruz*, No. 03-40074, 2004 WL 1469290, at *1 (5th Cir. May 17, 2004). Because there was no Sixth Amendment violation with respect to Appellant's prior misdemeanor conviction, this conviction properly served to enhance the instant offense. *See Nichols v. United States*, 511 U.S. 738, 748-49 (1994); *Perez-Macias*, 335 F.3d at 428-29. We, therefore, affirm.

AFFIRMED.

---

[1] Appellant challenges this Court's holding in *Perez-Macias*. He concedes that the decision in *Perez-Macias* is binding on the Court, but raises the issue to preserve it for further review.