United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41014
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAVIER RIOS-LUNA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-03-CR-112-ALL
--------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Javier Rios-Luna ("Rios") pleaded guilty to illegal reentry

after deportation and was sentenced to 24 months' imprisonment

and one year's supervised release.  He argues that the

district court erred in considering his prior, uncounseled

misdemeanor convictions in assessing his criminal history points.

Specifically, Rios contends that he had a right to counsel in

his January and May 2000 federal misdemeanor cases under Alabama

v. Shelton, 535 U.S. 654 (2002).  He acknowledges that this

court, in United States v. Perez-Macias, 335 F.3d 421, 427-28

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

(5th Cir.), cert. denied, 124 S. Ct. 495 (2003), held that an individual convicted of a federal misdemeanor who receives a probationary sentence, not coupled with a suspended sentence, does not have a right to counsel. Rios urges that Perez-Macias misread Alabama v. Shelton in determining that a defendant sentenced to "freestanding" probation has no right to counsel. He contends that he had the right to counsel in his prior misdemeanor cases because he was potentially subject to imprisonment if his probation was revoked and because he actually received a term of imprisonment upon revocation of his probation in both cases. Rios argues that his case is distinguishable from Perez-Macias because Perez-Macias's probation was never actually revoked.

Rios's argument is unpersuasive. Nothing in Perez-Macias "suggests that the plea and the conviction based on that guilty plea should be retroactively vacated because the defendant violated the terms of his probation and the court found it necessary to revoke the probation." United States v. Rios-Cruz, 376 F.3d 303, 305 (5th Cir. 2004), petition for cert. filed, (Aug. 2, 2004). Rios thus had no Sixth Amendment right to counsel in connection with his prior misdemeanor illegal reentry guilty-plea convictions for which he received a sentence of probation, irrespective of the fact that his probation was later revoked. See id.; Perez-Macias, 335 F.3d at 428-29. The district court's judgment is AFFIRMED.