# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 30, 2010

No. 09-20589

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOVANNY RUBIO RUBIO, also known as Jovanny Rubio, also known as Jovanny Rubio-Rubio, also known as Vedal Gomez,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before JONES, Chief Judge, and JOLLY and GARZA, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Appellant Jovanny Rubio Rubio ("Rubio") appeals the sentence assigned to him for violating 18 U.S.C. §§ 1326(a) and (b)(1). Rubio argues that the presentence report ("PSR") considered by the district court miscalculated his criminal history points by including two uncounseled state misdemeanor convictions for which waiver of counsel occurred too late. Rubio does not satisfy his burden of proof in showing that his waiver of counsel was constitutionally invalid. We therefore AFFIRM his sentence.

No. 09-20589

I.

Rubio, a Mexican citizen, pled guilty to illegal re-entry after deportation subsequent to a conviction for a felony, in violation of 18 U.S.C. §§ 1326(a) and (b)(1). The PSR recommended a base offense level of eight, with a four-level enhancement for a prior felony conviction, and a two-level decrease for acceptance of responsibility. Rubio's criminal history calculation included eleven criminal history points, which corresponded to a criminal history category of V.

At the sentencing hearing, Rubio objected to the PSR's calculation of his criminal history. He contended that two of his prior misdemeanor convictions were improperly included because he was not offered, nor had he waived, counsel during plea negotiations for those convictions.[1] He further stated that he did not waive his right to counsel until his sentencing hearings. Without the four points relating to his uncounseled prior misdemeanor convictions, his criminal history would be Category IV, which would result in a lower guidelines range of imprisonment.

At the sentencing hearing, Rubio's counsel informed the district court that he had not signed a waiver prior to the plea negotiations of two of his prior state misdemeanor proceedings. Rubio stated that he was offered a plea deal by the state prosecutor, and told that if he did not want the deal, he could expect his case to be protracted. Rubio testified that when he was offered a sentence of 180 days in exchange for his guilty plea for failure to identify, he had not been offered an attorney. He also testified that when he was offered a sentence of 200 days in exchange for his guilty plea for assault, he had not been offered an attorney. Rubio testified that he could not remember whether the judge in those cases ever asked him if he wanted counsel at all. The district court judge asked Rubio whether he had been advised about his right to counsel at the time of his

---

[1] Rubio was entitled to court-appointed counsel in his state proceedings because he was indigent.

No. 09-20589

arrests for the Nacogdoches County offenses. Rubio answered affirmatively. Rubio also testified that he did not specifically ask for counsel, although he was told he had a right to an attorney.

The district court examined the state court documents related to Rubio's plea and concluded that notations on the judgments indicated that Rubio had waived counsel. Rubio's counsel argued that the judgments did not specify when the waiver occurred and that the appearance of the waiver notation in the judgment indicated that the waiver happened at the end of the case. The district court noted that it was unclear from the court documents when the waiver occurred. The district court overruled Rubio's objections to the PSR and sentenced Rubio to twenty-four months of imprisonment and three years of supervised release. Rubio timely appealed his sentence.

## II.

We review a district court's sentencing guidelines interpretations *de novo* and its findings of fact for clear error. *United States v. Longstreet*, 603 F.3d 273, 275-76 (5th Cir. 2010). Under a clear error standard, we will uphold a finding if it is plausible in the light of the entire record. *Id*. A finding will be found clearly erroneous if, based on the record, "we are left with the definite and firm conviction that a mistake has been committed." *Id*. at 276.

## III.

Rubio collaterally attacks his misdemeanor convictions by asserting that they were obtained in violation of his Sixth Amendment right to counsel. Specifically, Rubio contends that the district attorney presented "take it or leave it" plea offers before Rubio was offered the assistance of counsel. We begin by finding that a defendant bears the burden of proof in a collateral attack on a state conviction. Then, we assess whether Rubio satisfied this burden of proof.

No. 09-20589

A.

The Sixth Amendment right to "counsel at all critical stages" applies in all cases where an indigent defendant faces incarceration, regardless whether the offense was a misdemeanor or felony. *See Iowa v. Tovar*, 541 U.S. 77, 87 (2004). "[T]he negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel." *Padilla v. Kentucky*, 130 S. Ct. 1473, 1486 (2010). Generally, a defendant may not collaterally attack a prior state judgment that is used to enhance his federal sentence. But, "the Constitution requires collateral review of a defendant's prior conviction used to enhance a federal sentence . . . when the defendant alleges that the conviction was obtained in violation of [his or] her Sixth Amendment right to counsel." *Id.* (citing *Custis v. United States*, 511 U.S. 485, 493-97 (1994)).

The Supreme Court has held that "in a collateral attack on an uncounseled conviction, it is the defendant's burden to prove that he did not competently and intelligently waive his right to the assistance of counsel." *Iowa v. Tovar*, 541 US 77, 92 (2004). We have held that "state law, not federal law, allocates the appropriate burden of proof." *Mallard v. Cain*, 515 F.3d 379, 382 (5th Cir. 2008). Texas law allows attack of a prior conviction that is alleged in a later offense for enhancement of punishment, if it is void or if it is tainted by a constitutional defect. *Galloway v. State*, 578 S.W.2d 142, 143 (Tex. Crim. App. 1978); *Wilson v. State*, 44 S.W.3d 602, 605 (Tex. App. 2001). Texas law further requires that "[t]he burden of proof in a collateral attack on a conviction is on the applicant." *Ex parte Guzman*, 589 S.W.2d 461 (Tex. Crim. App. 1979). Therefore, in this case, Rubio bears the burden of proving that he did not waive counsel prior to plea negotiations.[2]

---

[2] Rubio advances the novel argument that because a waiver of counsel obtained in violation of certain procedural rules is presumed to be invalid, TEX. CODE. CRIM. PROC. art.

No. 09-20589

B.

Rubio claims that his Sixth Amendment right to counsel was violated because he did not receive counsel during plea negotiations, which are a critical stage of proceedings. Rubio admits that he waived his right to counsel at sentencing but contends that this did not retroactively cure the earlier constitutional violation.

Rubio's claim is grounded on two bases: (1) the absence of a document showing that he waived counsel prior to entering plea negotiations, and (2) his testimony. Rubio notes that no regularly-kept court documents would document specific items of evidence to support his contentions. He submitted as exhibits documents from the early hearings that did not include a signed waiver. Rubio did, however, acknowledge that the judgment reflected that he waived counsel, and that it was unclear where in the trial that occurred. Texas law holds that, absent a showing to the contrary, there is a presumption of regularity to a judgment and proceeding once a defendant pleads guilty. *Ex Parte Wilson*, 716 S. W.2d 953, 956 (Tex. Crim. App. 1986). Here, the record explicitly notes that the waiver occurred, but does not specify when. On this basis, we find the lack of entry of the time of the waiver in the record insufficient to sustain Rubio's claim. Second, Rubio testified that he was not offered a lawyer prior to entering into plea negotiations with the government. When, as in this case, the federal constitutional right to counsel was firmly established in the state, a defendant must do more than merely say he was not offered counsel to satisfy his burden.

1.051(f), the government bears the burden of proof. He cites no case, nor could we locate one, indicating that a defendant's claim of a violation of article 1.051(f) is sufficient to establish that a violation indeed took place, thus creating a presumption of invalidity. Therefore, considering this statute within the context of Texas law allocating the burden of proof in these situations, we do not read article 1.051(f) as shifting the burden from the defendant to the state on the mere *allegation* that a waiver was invalid. We instead understand it to mean that if Rubio satisfied his burden of proof in showing that waiver of counsel was obtained in violation of these procedural rules, then the misdemeanor convictions would be presumed to be invalid.

No. 09-20589

*Id.* We, therefore, find that Rubio fails to satisfy the burden of proof necessary to sustain a claim of invalid waiver of counsel.

Accordingly, Rubio's sentence is

AFFIRMED.