**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 27, 2012

Lyle W. Cayce
Clerk

No. 11-50866
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ESTABAN ALFREDO LOZANO-GALVAN, also known as Esteban Alfredo
Lozano-Galvan,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:11-CR-102-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Estaban Alfredo Lozano-Galvan appeals his sentence following his
conviction of illegal reentry following deportation. He contends that the district
court erred by assigning one criminal history point to his uncounseled 2011 state
court conviction of driving while intoxicated (DWI) because the record does not
demonstrate that he was warned adequately of the perils of proceeding pro se
before he waived the right to counsel. He further contends that the 16-level

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

adjustment imposed pursuant to U.S.S.G. § 2L1.2(b)(1)(A) (2010) for a prior conviction of a crime of violence renders his sentence unreasonable because the Guideline is not supported by empirical evidence.

Pursuant to *Gall v. United States*, 552 U.S. 38, 49-51 (2007), we first consider whether the district court committed a "significant procedural error," such as miscalculating the advisory guidelines range. *United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009) (internal quotation marks and citation omitted). If there is no error or the error is harmless, we may then review the substantive reasonableness of the sentence imposed for an abuse of discretion. *Id.* at 753. We review the district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Pino Gonzalez*, 636 F.3d 157, 159 (5th Cir.), *cert. denied*, 132 S. Ct. 178 (2011).

The burden of demonstrating that the waiver of the right to counsel was unknowing and involuntary is on Lozano-Galvan. *See United States v. Rubio,* 629 F.3d 490, 493 (5th Cir. 2010). The state court waiver form indicated that Lozano-Galvan was informed that he had a right to hire and retain an attorney, had the right to request appointed counsel if he could not afford to retain counsel, and that he knowingly and understandingly waived the right to counsel. Lozano-Galvan's argument that the record does not show that he was adequately informed of the perils of proceeding pro se is unsupported by any evidence, and the argument itself is inadequate to carry the burden of proving that the waiver was involuntary. *See United States v. Osborne*, 68 F.3d 94, 101 (5th Cir. 1995). Lozano-Galvan has failed to show that the district court erred. Moreover, any error in assigning the criminal history point was harmless because Lozano-Galvan's criminal history score of 14 would have been lowered to 13 without the disputed point, and he would still have been in criminal history category VI. *See United States v. Jackson*, 22 F.3d 583, 585 (5th Cir. 1994).

No. 11-50866

Lozano-Galvan concedes that his challenge to the 16-level crime of violence adjustment based on § 2L1.2(b)(1)(A) lacking an empirical basis is foreclosed ; he raises the issue to preserve it for further review.  Lozano-Galvan is correct; his contention is foreclosed.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

AFFIRMED.