# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 1, 2014

Lyle W. Cayce
Clerk

No. 13-50386
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OTTO SAUL MARTINEZ-MIER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-1936-1

Before STEWART, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Otto Saul Martinez-Mier (Martinez) appeals the sentence imposed following his guilty plea conviction for one count of illegal reentry in violation of 8 U.S.C. § 1326. The district court sentenced Martinez to 60 months of imprisonment and to three years of non-reporting supervised release. On appeal, Martinez contends that the district court erred by assigning criminal history points to three uncounseled prior state convictions. Martinez further

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that the district court erred in applying a 16-level enhancement pursuant to U.S.S.G § 2L1.2 and by not granting his request for a downward variance based on his cultural assimilation.

This court reviews a district court's interpretation of the Guidelines de novo and its findings of fact for clear error. *United States v. Rubio*, 629 F.3d 490, 492 (5th Cir. 2010). Under the clear error standard, this court "will uphold a finding if it is plausible in the light of the entire record." *Id.* A finding is clearly erroneous if, based on the record, this court is "left with the definite and firm conviction that a mistake has been committed." *Id.* (internal citation and quotation marks omitted).

A defendant may collaterally attack a prior conviction used for sentencing purposes if the prior conviction was obtained in violation of his constitutional right to counsel. *Custis v. United States*, 511 U.S. 485, 487, 496 (1994). It is Martinez's burden to prove that his prior Colorado convictions were constitutionally invalid. *United States v. Rubio*, 629 F.3d 490, 492 (5th Cir. 2010); *United States v. Guerrero-Robledo*, 565 F.3d 940, 944 (5th Cir. 2009); *Sanchez-Martinez v. People,* 250 P.3d 1248, 1255 (Colo. 2011).

With regard to his 2005 Colorado theft conviction, Martinez argues that he was not represented by counsel and that the state court documents are unclear whether he validly waived his right to counsel because the form advising him of his rights is unsigned; however, the state court documents show that he waived his right to counsel in open court. In addition, the theft conviction was rendered long after the Supreme Court established the constitutional right to counsel for this offense such that a "presumption of regularity" attaches to this conviction. *See Guerrero-Robledo*, 565 F.3d at 943-44 (discussing *Parke v. Raley*, 506 U.S. 20, 31 (1992)). Further, at the time of the conviction, Colorado law required that a criminal defendant be informed

about his right to counsel. *See* COLO. R. CRIM. P. 44(a). Given that the state documents show that Martinez waived his right to counsel in open court, that the right to counsel was well-established, and that Colorado law required admonishment about the right to counsel at the time of the theft conviction, Martinez has not sustained his burden of showing that the conviction was uncounseled. *See Guerrero–Robledo*, 565 F.3d at 945.

Next, Martinez argues that he was uncounseled in connection with a Colorado conviction for harassment and that the state court records are unclear whether he validly waived his right to counsel. In that case, Martinez was sentenced to probation in 2007, which was later revoked in 2008; a 60-day jail sentence was imposed on revocation. Martinez argues that the state court documents suggest that he was represented by appointed counsel at the 2008 revocation hearing but uncounseled in connection with the harassment conviction. Because Martinez did not receive a term of imprisonment on the harassment conviction, he was not entitled to counsel. *See United States v. Perez-Macias*, 335 F.3d 421, 427-28 (5th Cir. 2003); *United States v. Rios-Cruz*, 376 F.3d 303, 304-05 (5th Cir. 2004).

Martinez's vague and conclusory argument that he was uncounseled on a Nevada conviction for petty larceny and that the documents do not show he validly waived his right to an attorney is reviewed at most for plain error because although he objected in that regard prior to sentencing, he did not reurge the objection at sentencing. *See United States v. Arviso-Mata*, 442 F.3d 384, 384 & n.7 (5th Cir. 2006). To show plain error, Martinez must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error, but it will do so only

No. 13-50386

if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Questions of facts capable of resolution by the district court can never constitute plain error. *See United States v. Chung*, 261 F.3d 536, 539 (5th Cir. 2001). Whether Martinez was represented by counsel on a prior conviction is a question of fact that could have been resolved at sentencing following a proper objection. *See id.* Because Martinez failed to make such an objection and obtain a finding by the district court, he cannot show plain error. *See id.*

In addition, regardless whether the district court erred by assigning one point to the Nevada conviction, any error was harmless. *See United States v. Scroggins*, 485 F.3d 824, 834-35 (5th Cir. 2007). In particular, if one point is deducted from Martinez's criminal history score of 8, his criminal history category and guidelines range remain the same. Consequently, any error in scoring the Nevada conviction was harmless because it did not affect the sentencing range.

Next, Martinez asserts that the district court erred by applying a 16-level enhancement pursuant to § 2L1.2 as a result of his conviction in Idaho for aggravated assault. In support of this assertion, Martinez contends that the state court judgment is unclear whether he was convicted of assault or aggravated assault; he appears to concede that an Idaho conviction for aggravated assault is a crime of violence. Because Martinez did not object in the district court on this ground, review is for plain error only. *See United States v. Gonzalez-Terrazas*, 529 F.3d 293, 296 (5th Cir. 2008). Our review of the state court documents confirms that Martinez was convicted of aggravated assault. Thus, he has not established error, plain or otherwise, in connection with the 16-level enhancement. *See Puckett*, 556 U.S. at 135.

4

No. 13-50386

Finally, Martinez's argument that the district court erred by failing to grant his request for a downward variance based on his cultural assimilation is without merit.  We review sentences for substantive reasonableness, in light of the 18 U.S.C. § 3553(a) factors, under an abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 49-51 (2007).  A within-guidelines sentence is entitled to a presumption of reasonableness.  *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008)  "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  The district court considered Martinez's request for a downward variance, the Government's argument in favor of a within-guidelines sentence, and the § 3553(a) factors.  Martinez's arguments concerning his cultural assimilation and personal circumstances fail to rebut the presumption of reasonableness.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.