# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50570
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN LEE POSEY, also known as John-John,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:12-CR-277-3

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

John Lee Posey was convicted by a jury of conspiracy to possess with intent to distribute, distribute, and manufacture 280 grams or more of crack cocaine and being a felon in possession of ammunition. Posey filed a pro se motion for a new trial based on newly discovered evidence, which the district court denied. Posey was sentenced to a total of 348 months of imprisonment and 10 years of supervised release. He timely appealed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50570

Posey contends that the district court abused its discretion in denying his motion for a new trial.  He asserts that the information he received from Julian Resendez that two Government witnesses were overheard discussing their testimony prior to Posey's trial in an effort to receive a reduced sentence constituted "newly discovered" evidence.  He requests this court to vacate the district court's judgment and remand his case for a new trial.

This court reviews the denial of a motion for a new trial for an abuse of discretion.  *United States v. Piazza*, 647 F.3d 559, 564-65 & n.3 (5th Cir. 2011).  To obtain a new trial based on newly discovered evidence, the defendant must show that (1) the evidence is newly discovered and was unknown to him at the time of trial, (2) the failure to detect the evidence was not due to his lack of diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material, and (5) the evidence if introduced at a new trial would probably produce an acquittal.  *Id.* at 565 (referring to these as the "*Berry* rule" prerequisites).  The failure to demonstrate any one of these *Berry* factors is fatal to the motion.  *Id.*

As the Government argues and the district court determined, evidence that two of the Government's witnesses, Christian Aguirre and Trey Young, were discussing their testimony prior to trial was known to Posey during trial.  To the extent Posey contends that the "newly discovered" evidence was the identity of Julian Resendez, Posey fails to explain why he did not seek a continuance in order to explore the matter and obtain the identity of the witness.  Thus, he fails to show that he exercised due diligence to support his motion for a new trial.  *See United States v. Wall*, 389 F.3d 457, 470 (5th Cir. 2004).  Moreover, evidence that the two witnesses were testifying falsely in hopes to obtain a reduced sentence was not evidence that would exonerate Posey, but rather would constitute impeachment evidence.  *See United States*

*v. Pena*, 949 F.2d 751, 758 (5th Cir. 1991).   Additionally, there were other witnesses at trial besides Aguirre and Young who testified that Posey was involved in the manufacturing and distribution of crack cocaine.  Thus, as the district court concluded, even assuming the evidence was "newly discovered," Posey fails to show that the evidence was material and would have resulted in his acquittal.  *See Piazza*, 647 F.3d at 565.  Accordingly, Posey has failed to show that the district court abused its discretion in denying his motion for a new trial.  *See id.* at 564-65.

Posey contends that the district court abused its discretion in denying his motion for a new trial without conducting an evidentiary hearing. Specifically, he asserts that the district court should have granted his request for a continuance, appointed him an investigator, and allowed him to obtain trial transcripts to support his argument that the perjured testimony of Aguirre and Young affected the outcome of the trial.

As the Government points out and Posey acknowledges in his brief, he was granted a hearing on his motion for a new trial.  In fact, the district court appointed new counsel to represent Posey at the hearing.  As explained above, the record refutes Posey's contention that Aguirre's and Young's conversations regarding their testimony was unknown to Posey at the time of trial.  Further, even if Posey was unaware of Aguirre's and Young's conversations and purported false testimony, such evidence would only constitute impeachment evidence.  Because he fails to satisfy two of the *Berry* factors, Posey cannot show that the district court abused its discretion in not granting him an opportunity to obtain an investigator and trial transcripts in an effort to satisfy the last *Berry* element, i.e., that the outcome of the trial would have been different had the evidence been available.  *See United States v. Bishop*, 629 F.3d 462, 470 (5th Cir. 2010).

As he did before the district court, Posey contends that the district court erred in assessing him two criminal history points under U.S.S.G. § 4A1.1(d) because he did not commit the instant offense "while under a criminal justice sentence." According to Posey, the two points were not warranted because failure to pay child support is civil in nature and the contempt charge was "not to punish [him] for failing to pay his child support, but to coerce him into paying child support in the future."

A district court's interpretation or application of the Guidelines is reviewed de novo, and its factual findings are reviewed for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). The presentence report (PSR) assessed Posey two criminal history points pursuant to § 4A1.1(d) because Posey was on probation for contempt of court when he committed the instant offense. In 2009, Posey was sentenced to a suspended sentence of 180 days of imprisonment and 10 years of probation for contempt of court due to nonpayment of child support. "[A] 'criminal justice sentence' means a sentence countable under § 4A1.2 . . . having a custodial or supervisory component, although active supervision is not required." §4A1.1 comment. (n.4). According to U.S.S.G. § 4A1.2(c) a sentence for contempt of court is counted for purposes of § 4A1.1(d) if, inter alia, probation exceeds one year or imprisonment lasts at least 30 days. *See* § 4A1.2(c)(1). Accordingly, Posey's argument lacks merit.

Posey also asserts for the first time that the two-point assessment under § 4A1.1(d) was erroneous because the PSR failed to demonstrate that he validly waived his right to counsel. Because he raises this claim for the first time, plain error review applies. *See United States v. Alvarado-Santilano*, 434 F.3d 794, 795 (5th Cir. 2005). A defendant may collaterally attack a prior conviction used for sentencing purposes if the prior conviction was obtained in violation

of his constitutional right to counsel. *Custis v. United States*, 511 U.S. 485, 487, 496 (1994). The instant conviction occurred in Texas, and, therefore, Posey bears the burden of proving that he did not competently and intelligently waive his right to counsel. *See United States v. Rubio*, 629 F.3d 490, 493 (5th Cir. 2010). The PSR specifically states that Posey "Waived counsel representation." Posey offers nothing to rebut the PSR's findings. Accordingly, he has failed to show that the district court plainly erred in using the conviction in the calculation of his criminal history score. *See Rubio*, 629 F.3d 494.

Posey contends that his sentence is unconstitutional because the convictions used to enhanced his sentence were not alleged in his indictment. In support of his argument, Posey relies on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Posey acknowledges his argument is foreclosed by *Almendarez-Torres v United States*, 523 U.S. 224, 226-27 (1998), but raises it to preserve for further review.

In *Alleyne*, the Supreme Court extended the reasoning of *Apprendi* to statutory minimum sentences, holding that any fact that increases the prescribed statutory minimum sentence is an element of the offense that must be submitted to a jury to be proved beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2156-63. The Supreme Court specifically noted, however, that its decision did not revisit *Almendarez-Torres* and the exception that it had carved out for the fact of a prior conviction. *Id.* at 2160 n.1. Thus, as he acknowledges, Posey's argument is foreclosed.

AFFIRMED.