# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60406
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR DARNELL WILLIAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:13-CR-78-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Victor Darnell Williams appeals the sentence imposed following his guilty plea conviction for attempting to possess with intent to distribute a controlled substance. He contends that the district court erred in imposing a criminal history point under U.S.S.G. § 4A1.2(c) for his prior Mississippi misdemeanor conviction for carrying a concealed weapon under Mississippi Code Annotated § 97-37-1. He further asserts that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court erred in imposing a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) based on its finding that he possessed a dangerous weapon in connection with the instant offense.

We "review a district court's sentencing guidelines interpretations de novo and its findings of fact for clear error." *United States v. Rubio*, 629 F.3d 490, 492 (5th Cir. 2010). We will "uphold a finding if it is plausible in the light of the entire record." *Id.*

The district court did not err in imposing a criminal history point under § 4A1.2(c) for Williams's Mississippi conviction for carrying a concealed weapon. Using the approach set forth in *United States v. Lamm*, 392 F.3d 130, 132 (5th Cir. 2004) and *United States v. Hardeman*, 933 F.2d 278, 281 (5th Cir. 1991), the district court compared the elements and the punishments of Williams's offense and the excluded offenses of disorderly conduct and disturbing the peace, then determined that carrying a concealed weapon has different elements, including possession of a dangerous weapon, and a graduated punishment scale. *See* MISS. CODE ANN. §§ 97-35-9 (disturbing the peace), 97-35-7 (disorderly conduct), 97-37-1 (carrying a concealed weapon). The district court reasoned that the graduated punishment scale indicated that Mississippi treats the offense of carrying a concealed weapon as more serious than disturbing the peace or disorderly conduct. The court also noted that carrying a concealed weapon has the potential for resulting in violence and serious bodily injury, but that the other offenses do not implicate the same concerns. Although Williams did not receive a sentence of imprisonment, the maximum fine imposed indicates that the state court deemed the offense serious. Even though the district court erred by considering Williams's possession of a firearm during the instant offense, it did not err in balancing the factors set forth in *Lamm* and *Hardeman* and concluding that Williams's

conviction for carrying a concealed weapon should be counted in calculating his criminal history category. *See Lamm*, 392 F.3d at 132; *Hardeman*, 933 F.3d at 281.

Neither did the district court clearly err in imposing the two-level enhancement under § 2D1.1(b)(1) for Williams's possession of a firearm in connection with the instant offense. It adopted the Presentence Report which provided that Williams admitted that he did not know the confidential source with whom he was negotiating the transfer of 12 kilograms of cocaine, the reason that he thought he needed the firearm to provide protection. The court also found that the firearm was in the vehicle that Williams drove to the hotel where the drug transaction was to take place and that he presumably would have transported the cocaine in that vehicle after the transaction. The district court found that there was a temporal and spatial nexus between the firearm and the vicinity and time of the drug transaction. *See United States v. Marquez*, 685 F.3d 501, 507 (5th Cir. 2012). The evidence indicates that the firearm was accessible to protect Williams and the drugs during the transaction. *See United States v. Salado*, 339 F.3d 285, 293-94 (5th Cir. 2003); *United States v. Rodriguez*, 62 F.3d 723, 724-25 (5th Cir. 1995). Although Williams presented evidence that he had been the victim of violent crimes in the past, the district court did not err in finding that those prior crimes were remote in time. The evidence did not establish that it was clearly improbable that the firearm was connected with the instant offense. *See* § 2D1.1, comment. (n.3). The district court's finding that the firearm was connected to the offense was not clearly erroneous because it was "plausible in the light of the entire record." *Rubio*, 629 F.3d at 492; *see Salado*, 339 F.3d at 293-94.

AFFIRMED.