# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 14-50816
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

March 26, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RAFAEL CASTILLO, JR.,

Defendant - Appellant

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:14-CR-98

———————

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Rafael Castillo, Jr. challenges his sentence, imposed following his guilty-plea conviction for possession, with intent to distribute, methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(c).  He claims the district court erred in calculating his advisory Sentencing Guidelines sentencing range by including three Texas convictions in his criminal-history calculation because

———————

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

they were uncounseled misdemeanor convictions that resulted in a term of imprisonment.

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Accordingly, we review whether "a prior conviction is covered under the [Guidelines] . . . *de novo*, while factual matters concerning the prior conviction are reviewed for clear error". *United States v. Haymer*, 995 F.2d 550, 552 (5th Cir. 1993) (citation and internal quotation marks omitted).  "Under a clear error standard, we will uphold a finding if it is plausible in the light of the entire record." *United States v. Rubio*, 629 F.3d 490, 492 (5th Cir. 2010) (citation omitted).  In other words, to find clear error, the court must be "left with the definite and firm conviction that a mistake has been committed". *Id.* (internal citation and quotation marks omitted).

Castillo has the burden of proving he did not competently and intelligibly waive his right to the assistance of counsel in this collateral challenge to incorporation of his Texas misdemeanor convictions. *E.g., id.* at 493 (quoting *Iowa v. Tovar*, 541 U.S. 77, 92 (2004)).  He has not satisfied his burden.  While an uncounseled misdemeanor conviction is generally unconstitutional if it results in a term of imprisonment, *e.g., Alabama v. Shelton*, 535 U.S. 654, 661-62 (2002), "an uncounseled misdemeanor conviction, valid . . . because no prison term was imposed, is also valid when used to enhance punishment at a

No. 14-50816

subsequent conviction", *Nichols v. United States*, 511 U.S. 738, 749 (1994). In that regard, Castillo's misdemeanor convictions were punishable only by a fine. *See* Tex. Penal Code Ann. §§ 12.23, 22.01(a)(3), (c).

In imposing sentence, the district court found that Castillo opted to serve time in jail in lieu of paying a fine. This finding is supported by Texas state-court records stating Castillo was given "full jail credit" for all three offenses, and is consistent with Texas law. *See* Tex. Code Crim. Proc. Ann. art. 43.09(a). Castillo offered no evidence to the contrary.

Because Castillo has not demonstrated he was sentenced to a term of imprisonment for the Texas misdemeanors, he was not entitled to an attorney. *E.g., Nichols*, 511 U.S. at 743. Accordingly, the uncounseled misdemeanor sentences for which no term of imprisonment was imposed were properly included in Castillo's criminal history for sentencing in district court. *E.g.,* U.S.S.G. § 4A1.2, cmt. (backg'd); *United States v. Perez-Macias*, 335 F.3d 421, 425-29 (5th Cir. 2003).

AFFIRMED.