# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 19, 2015

Lyle W. Cayce
Clerk

No. 14-60798
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff–Appellee,

versus

GREGORY JOHNSON, Also Known as Big Greg,

                              Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:14-CR-16-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Gregory Johnson appeals the sentence imposed on his conviction of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aiding and abetting the distribution of cocaine base (crack cocaine) in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) (Count Four) and distributing crack cocaine in violation of § 841(a)(1) (Count Five).  Johnson contends that the district court erred in assessing one criminal history point for his October 4, 2001, sentence because the three-day suspended sentence was imposed more than ten years before his commencement of the earliest offense of conviction on January 17, 2012.

Under the plain language of the commentary to U.S. Sentencing Guidelines § 4A1.2, the district court correctly considered Johnson's relevant conduct in determining when the offenses of conviction commenced for purposes of § 4A1.2(e)(2).  *See* § 4A1.2, comment. (n.8).  Aside from conclusionally asserting that he was not charged with a conspiracy and that the conduct alleged in Count One was not related to the conduct alleged in Count Four, Johnson does not dispute that the controlled purchase on September 28, 2011, was part of the same course of conduct or common scheme or plan as the controlled purchases on January 17, 2012, and March 28, 2012.  He has therefore abandoned any challenge to the relevant-conduct determination by failing to brief it adequately.  *See United States v. Cothran*, 302 F.3d 279, 286 n.7 (5th Cir. 2002); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).  Because Johnson's relevant conduct commenced on September 28, 2011, and his October 4, 2001 sentence was imposed within ten years of that date, the three-day suspended sentence was properly assessed one criminal history point.  *See* § 4A1.2(e)(2).

Johnson claims that the district court erred in assessing one criminal history point for his March 3, 2005, sentence because the conviction was obtained in violation of his Sixth Amendment right to counsel.  He asserts that his sworn testimony at sentencing was sufficient to satisfy his burden of proving that he was neither represented by nor offered an attorney in relation to

that conviction.

State law allocates the burden of proof in a collateral attack on an uncounseled conviction. *United States v. Rubio*, 629 F.3d 490, 493 (5th Cir. 2010). The allegedly uncounseled conviction occurred in Mississippi, where "[t]he burden of proof is on the petitioner to show by a preponderance of the evidence that he is entitled to [postconviction] relief." *Roach v. State*, 116 So. 3d 126, 131 (Miss. 2013) (internal quotation marks and citations omitted); *see* MISS. CODE ANN. § 99-39-23(7). Therefore, Johnson has the burden of proving that he was not represented by counsel and that he did not competently and intelligently waive the right to counsel. *See Rubio*, 629 F.3d at 493 (applying Texas law).

The presentence report ("PSR") assessed one criminal history point for the sixty-day suspended sentence imposed in Clarksdale Municipal Court on March 3, 2005, on Johnson's conviction of assault by threat. The Addendum to the PSR explained that although the Clarksdale Municipal Court was unable to provide specific information about Johnson's prior convictions, the court advised that "it has been the court's practice to make a public defender available to defendants during all court proceedings."

The PSR is considered reliable and may be considered as evidence in making sentencing determinations. *United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995). Johnson's suggestion that the PSR was rendered unreliable because the probation officer initially identified the wrong court is insufficient to rebut the presumption of reliability. *See United States v. Washington*, 480 F.3d 309, 320 (5th Cir. 2007). Further, the Clarksdale Municipal Court's statement is consistent with Mississippi law, which provides for the appointment of counsel for any indigent person charged with a felony, a misdemeanor punishable by confinement for ninety days or more, or the commission of an

act of delinquency. *See* MISS. CODE ANN. § 99-15-15; *see also* MISS. CONST. art. III, § 26 ("In all criminal prosecutions the accused shall have a right to be heard by himself or counsel, or both."); *Cannaday v. State*, 455 So. 2d 713, 722 (Miss. 1984). The offense of simple assault is punishable "by imprisonment in the county jail for not more than six (6) months." MISS. CODE ANN. § 97-3-7(1)(a).

Mississippi law also affords a presumption of regularity to misdemeanor convictions used to enhance sentences. *Sheffield v. City of Pass Christian*, 556 So. 2d 1052, 1053–54 (Miss. 1990). Although Johnson testified that he was neither represented by nor offered an attorney during his October 4, 2001, and March 3, 2005, convictions, his subsequent testimony on this issue was equivocal. Moreover, "[w]hen, as in this case, the federal constitutional right to counsel was firmly established in the state, a defendant must do more than merely say he was not offered counsel to satisfy his burden." *Rubio*, 629 F.3d at 494. Therefore, the district court did not err in concluding that Johnson failed to satisfy the burden of proof necessary to establish that the March 3, 2005, conviction was obtained in violation of the Sixth Amendment. *See id.*

The judgment is AFFIRMED. The government's unopposed motion to supplement the record on appeal is GRANTED.